JOHN FENNESSE1 v, EDW. F. ABBOTT.

**Vendor and Purchaser—Covenant of Seizin—Covenant—Warranty—Breach of Covenant. .**
    The deed contains two distinct covenants; the first a covenant of seizin and the other an ordinary covenant of general warranty.

**Same—Eviction.**
    To constitute a breach of the covenant of general warranty there must be an eviction of the grantee by paramount title, but the covenant of seizin is broken at once if the title conveyed is not clear, free and unencumbered.

**Same: Criterion of Recovery—Title Defective to Part of Property.**
    Where the title is perfect to one-half of the property conveyed and defective as to the other the criterion of recovery is one-half of the original consideration with interest.

**Same—Rescission of Contract—Appropriate Action.**
    , A rescission of the contract to sell land can not be had in an action at law. The remedy is by suit in equity.

APPEAL FROM KENTON CIRCUIT COURT.

February 12, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The claim setting out the covenants as to title contained in the deed. from Fennessey to Abbott is in these words:

"To have and to hold the same to the said Abbott, his heirs and assigns forever the grantor, his heirs, executors and administrators hereby covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear, free and unencumbered, *and* that he will warrant and defend the same against all legal claims whatsoever."

We are inclined to the opinion that this clause embraces two distinct covenants; the first a covenant of seizin, and the other an ordinary covenant of general warranty.

To constitute a breach of the latter there must be an eviction of the grantee by a paramount title, but the covenant of seizin was broken at once if the title conveyed was not "clear, free and unencumbered."

Appellee, in his petition, alleges that an undivided one-half of

the lot conveyed belongs to one Hattie Powell, and that the title thereto was not in the appellant at the time the conveyance was made.

If such be the case, the covenant of seizin was broken at once, and the appellee had the right to recover the actual damages sustained by reason of the defect in the title conveyed to him so far as the interest owned by Miss Powell is concerned.

To recover damages this action at law was instituted, and with the petition the appellee tendered a deed to appellant conveying the entire lot back to him.

Upon hearing, the circuit judge to whom the law and facts of the case were submitted rendered judgment against appellant for the sum of $997, with interest from the date thereof. It appears from the face of the judgment that this amount comprised the original consideration paid for the entire lot ($750) with interest, and the taxes paid on the lot by appellee while in his possession.

Appellee fixed as the measure of his damages the consideration paid for the lot with interest and the taxes paid on the property, and expenses incurred in stamping and recording the conveyances. The circuit judge did not err to his prejudice in accepting this as the criterion of recovery, but did err in adjudging to him in this action the entire purchase price, interest, expenses and taxes. His title being defective as to one-half of the property, and perfect as to the remainder, he should only recover damages for that portion to which his title is not "clear and unencumbered" in an action at law for a breach of the covenant of seizin. According to the standard of recovery fixed by him in his petition his judgment is for double as much as it should have been.

If he desires to rescind the contract of sale he must resort to his appropriate action in equity. A rescission can not be had in such a proceeding as this. The circuit court could not compel the appellant to accept the conveyance tendered him with appellee's petition, and did not attempt to do so. It does not appear that appellant did accept the tendered conveyance, and it may be possible that when the proper proceedings for a rescission of the contract are instituted that he will be able to show that he should not be compelled to refund the consideration in money.

For these reasons the judgment is reversed and the cause remanded for further proceedings consistent with the principles herein expressed.

*R. Richardson,* for appellant.

*Benton,* for appellee.